UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

| Case No. | CV 11-7114 DSF (JEMx) | Date | 8/31/11 |
|---|---|---|---|
| Title | Silvino Avellaneda, et al. v. Saxon Mortgage Services, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order REMANDING Case to Superior Court

Defendants Saxon Mortgage Services, Inc. and Novastar Mortgage, Inc. have removed this case based on diversity jurisdiction.  Defendants claim that the citizenship of Defendant The Wolf Firm is irrelevant for purposes of subject matter jurisdiction because The Wolf Firm filed a notice of non-monetary status in the Superior Court, which was not objected to within the statutory period.

"A federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."  Kuntz v. Lamar Corp., 385 F.3d 1177, 1183 (9th Cir. 2004) (quoting Navarro Sav. Ass'n. v. Lee, 446 U.S. 458, 461 (1980) (internal brackets omitted).  A court should "ignore the citizenship of nominal or formal parties who have no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant."  Prudential Real Estate Affiliates v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000).  But, a defendant with a "vital interest" in the case is not nominal.  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 92-93 (2005).  "A named defendant who . . . would be liable to pay a resulting judgment is not 'nominal' in any sense except that it is named in the complaint."  Id. at 93.

Contrary to Defendants' implications, the filing of a notice of non-monetary status does not automatically mean that a party is nominal for the purposes of diversity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

jurisdiction.  Non-monetary status under California law requires no showing; the party seeking non-monetary status merely files a notice that it has a "reasonable belief" that it "has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee."  Cal. Civ. Code § 2924l(a).  Non-monetary status is automatically awarded if no party objects within 15 days, although it can be revoked by way of motion.  Cal. Civ. Code § 2924l(d), (e).  Any timely objection to the notice of non-monetary status results in the status being automatically denied.  See Cal. Civ. Code § 2924l(e).

Non-monetary status under California law has no effect on the Court's diversity determination.  Federal courts have an independent duty to determine subject matter jurisdiction.  Even if Plaintiffs acquiesced to The Wolf Firm's non-monetary status, the Court is still required to analyze whether The Wolf Firm is, in fact, a nominal party.  Defendants make no attempt to establish that The Wolf Firm is a nominal party other than citation of its non-monetary status.  The complaint does not clearly distinguish among the Defendants, but several allegations in the complaint suggest wrongful acts or omissions by the foreclosure trustee.

The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.